# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

| | |
|---|---|
| EMILY COLLOPY, Individually and for Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC.,<br><br>Defendant. | Case No. _____<br><br>Jury Trial Demanded |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### I. SUMMARY

1. Plaintiff Emily Collopy (Collopy) brings this lawsuit individually and on behalf of all current and former employees (the 'Class Members' and/or 'New Mexico Class Members') who worked for Defendant Wexford Health Sources, Inc. (Wexford), which failed to pay Collopy, and other workers like her, as required by the New Mexico Minimum Wage Act. Collopy brings this action to recover unpaid overtime wages and other damages from Wexford under the New Mexico Minimum Wage Act, N.M.S.A §§ 50-4-19 *et. seq* (NMMWA).

2. This lawsuit includes a Rule 1-023 NMRA class action pursuant to the laws of New Mexico to recover unpaid wages, overtime compensation, and other applicable penalties.

3. Collopy and the Class Members worked for Wexford.

4. Wexford does not provide bona fide meal periods for its hourly employees who are responsible for direct patient care. Wexford's employees are required to remain responsible for patient care throughout their shift. Nonetheless, Wexford automatically deducts at least 30 minutes of pay, each day, for meal breaks.

5. Non-exempt employees involved in direct patient care were not relieved of duties during meal periods and were denied pay for those on-duty meal periods. Wexford continues to require hourly employees responsible for direct patient care to remain on duty and subject to interruptions during meal breaks.

6. Wexford also failed to pay for certain compensable hours altogether, improperly failing to pay Collopy and the Putative Class Members for hours worked off-the-clock.

7. Collopy brings this class action to recover unpaid overtime and other damages.

## II. Jurisdiction and Venue

8. Jurisdiction over the parties and the subject matter herein is proper with this Court pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d).

9. This Court has original jurisdiction due to the amount in controversy exceeding $5,000,000.

10. Upon information and belief, the class members exceed 100 individuals.

11. Diversity is met due to Wexford being headquartered in Pennsylvania and incorporated in Florida.

12. This Court has specific jurisdiction over Defendant Wexford based on Defendant Wexford's substantial operations in New Mexico, and its contacts with and conduct directed toward New Mexico, and is subject to the court's personal jurisdiction with respect to the civil action in question.

## III. The Parties

13. Collopy worked as a Licensed Practical Nurse (LPN) for Wexford.

14. Collopy worked for Wexford from approximately June 2019 to October 2022.

15. Throughout her employment with Wexford, Collopy was staffed by Wexford to Lea County Correctional Facility 6900 W. Millen, Hobbs, New Mexico.

16. Collopy written consent is attached as **Exhibit A**

17. The proposed class consists of:

> **All hourly employees of Wexford in New Mexico who worked off the clock, through automatically deducted meal breaks and/or unpaid screenings, in the past three (3) years.**

18. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Wexford.

19. Wexford is a healthcare services company headquartered in Foster Plaza Four, 501 Holiday Dr, Pittsburgh, PA 15220.

20. Wexford may be served by serving its registered agent: Corporation Service Company, 110 E. Broadway St., Hobbs, NM 88240.

### V. CAUSE OF ACTION: NMMWA VIOLATIONS

21. Collopy incorporates all preceding paragraphs.

22. At all times hereinafter mentioned, Wexford was and is an employer within the meaning of the NMMWA. *See* N.M.S.A. § 50-4-1; *see also* N.M.S.A. § 50-4-21.

23. At all times hereinafter mentioned, Wexford was and is an enterprise in business within the meaning of the NMMWA.

24. At all relevant times, Wexford has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof.

25. Collopy brings this claim under the NMMWA as a Rule 1-023 NMRA class action on behalf of herself and others similarly situated pursuant to N.M.S.A. § 50-4-26(d).

26. The proposed class consists of:

> **All hourly employees of Wexford in New Mexico who worked off the clock, through automatically deducted meal breaks and/or unpaid screenings, in the past three (3) years.**

27. At all relevant times, Collopy and each New Mexico Class Member have been "employees" within the meaning of the NMMWA. *See* N.M.S.A. § 50-4-21(c).

28. Wexford's conduct, deducting meal breaks and failing to include screenings as compensable time, violates the NMMWA.

29. As a result of this policy, Collopy and the Class Members did not and do not receive full overtime payment as required by the NMMWA.

30. In violating the NMMWA, Wexford acted willfully, without a good faith basis and with reckless disregard of clearly applicable New Mexico law.

31. Collopy and the New Mexico Class Members have suffered damages and continue to suffer damages as a result of Wexford's acts or omissions as described herein; though Wexford is in possession and control of necessary documents and information from which Collopy and the New Mexico Class Members would be able to precisely calculate damages.

32. Collopy and each member of the New Mexico Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Wexford, as provided by the NMMWA.

33. The proposed class of similarly situated employees under Rule 1-023 NMRA, i.e., the New Mexico Class, sought to be certified pursuant to N.M.S.A. § 50-4-26(d), is defined in the foregoing paragraphs herein.

34. The improper pay practices at issue were and are part of a continuing course of conduct, entitling Collopy and New Mexico Class Members to recover for all such violations, regardless of the date they occurred.

### IV. FACTS

35. Wexford is a healthcare services company that contracts with governmental entities to provide healthcare services.

36. Collopy worked for Wexford from approximately June 2019 through October 2022.

37. Collopy performed work for Wexford throughout New Mexico.

38. Collopy was primarily assigned to work at Lea County Detention Center in Hobbs, New Mexico.

39. Collopy was employed as a Licensed Practical Nurse (LPN) for Wexford.

40. Collopy reported the hours she worked to Wexford on a regular basis.

41. Collopy and Class Members work in accordance with the schedule set by Wexford.

42. Collopy's work schedule is typical of the Class Members.

43. While the exact job titles and job duties may differ, the Class Members are and were subjected to the same or similar illegal pay practices for similar work.

44. Wexford requires Collopy and the Class Members to follow Wexford's and its client's policies and procedures.

45. Part of these policies and procedures required Collopy and Class Members to undergo daily screenings.

46. Collopy and the Class Members were not compensated for their screenings even though they were conducted onsite.

47. The screenings lasted roughly 20-30 minutes and occurred on a daily basis.

48. Collopy and the Class Members were not compensated for this time.

49. Wexford knew that Collopy and the Class Members were required to undergo screenings off the clock.

50. Collopy incorporates by reference all allegations in preceding paragraphs.

51. Collopy was required to stay on duty at all times, including during meal breaks.

52. Nonetheless, Wexford deducted an hour from each day worked from Collopy and the Class Members' pay.

53. Collopy and the Class Members performed their jobs under Wexford's supervision, and using materials and technology approved and supplied by Wexford.

54. Collopy and the Class Members were required to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

55. At the end of each pay period, Collopy and the Class Members received wages from Wexford that were determined by common systems and methods that Wexford selected and controlled.

56. Collopy worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

57. Each Class Member worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

58. Wexford also failed to pay for certain compensable hours altogether, improperly failing to pay Collopy and the Class Members for hours worked off the clock.

59. Collopy brings this collective action to recover unpaid overtime and other damages for time worked off the clock, without pay.

60. Collopy seeks to recover all unpaid overtime and other damages owed under the NMMWA, individually, and on behalf of the Class Members as a class action pursuant to Rule 1-023 NMRA and to N.M.S.A. § 50-4-26.

### VI. CLASS ACTION ALLEGATIONS

61. All previous paragraphs are incorporated as though fully set forth herein.

62. Other similarly situated employees have been victimized by Wexford's patterns, practices, and policies, which are in willful violation of the NMMWA.

63. Wexford has employed similarly situated employees in New Mexico within the three-year period preceding the filing of this lawsuit.

64. Collopy brings her NMMWA claims as a class action pursuant to Rule 1-023 NMRA on behalf of all similarly situated individuals employed by Wexford to work in New Mexico during the three-year period preceding the filing of the instant lawsuit, as is permitted by N.M.S.A. § 50-4-26(d).

65. Class action treatment of Collopy's NMMWA claim is appropriate because, as alleged below, all of Rule 1-023's class action requisites are satisfied.

66. The number of New Mexico Class Members makes joinder impracticable.

67. Collopy is a member of the New Mexico Class, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

68. Collopy and her counsel will fairly and adequately represent the class members and their interests.

69. Collopy's claims share common issues of law and fact with the claims of the proposed Class Members.

70. Class certification is appropriate under Rule 1-023 because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

71. All of the Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

72. Accordingly, the Class as defined in the foregoing paragraphs merits certification.

## VII. JURY DEMAND

73. Plaintiff demands a trial by jury.

## VIII. RELIEF SOUGHT

74. WHEREFORE, Plaintiff prays for judgment against Wexford as follows:

   a. For an Order certifying the New Mexico Class as defined herein, and designating Plaintiff and her counsel to represent the interests of the New Mexico Class;

   b. For an Order that Notice of the Class Action be sent to the Class Members;

   c. For an Order finding Wexford liable for all unpaid overtime to the New Mexico Class under the NMMWA and awarding Plaintiff and the New Mexico Class back wages that have been improperly withheld;

   d. For an Order finding Wexford liable for treble damages of the unpaid compensation found due to Plaintiff and the Class Members;

   e. For an Order awarding the costs and expenses of this action;

   f. For an Order awarding attorneys' fees;

    g.    For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    h.    For an Order compelling the accounting of the books and records of Wexford, at Wexford's own expense;

    i.    For an Order providing for injunctive relief prohibiting Wexford from engaging in future violations of the NMMWA, and requiring Wexford to comply with such New Mexico wage and hour law going forward; and

    j.    For an Order granting such other and further relief as may be necessary and appropriate.

Date: February 16, 2023

Respectfully submitted,

By:*/s Michael A. Josephson*
**Michael A. Josephson**
Texas Bar No. 24014780
**Andrew W. Dunlap**
Texas Bar No. 24078444
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

-AND-

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFF**