IN THE UNITED STATES DISTRCT COURT
FOR THE DISTRICT OF NEW MEXICO

EMILY COLLOPY, *individually and for
others similarly situated*,

      Plaintiff,

v.                                                                                                   No. 2:23-cv-00143-KG-JHR

WEXFORD HEALTH SOURCES, INC.,

      Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL

THIS MATTER is before the Court on Defendant Wexford Health Sources, Inc.'s Motion to Compel, [Doc. 32] ("the Motion"). Having considered the parties' filings and the relevant law, the Court GRANTS the Motion as to Wexford's request for deposition availability of specified potential class members and DENIES the Motion as to all other relief requested. Further, per the Court's Order Granting Plaintiff's Motion to Amend Case Management Order, [Doc. 45], the parties have 90 days from the issuance of this Order to move for class certification.

    I.    **BACKGROUND AND PROCEDURAL HISTORY**

This case is a putative wage-and-hour class action brought by Plaintiff Emily Collopy "individually and on behalf of all current and former employees" of Defendant Wexford Health Sources, Inc. [Doc. 1, p. 1]. Collopy alleges Wexford violated the New Mexico Minimum Wage Act by failing to pay her and other hourly employees for work performed during meal breaks and for time spent in daily security screenings, resulting in lost wages and unpaid overtime. *Id.* at 4. Because Collopy, as with all class action representatives in federal court, must prove that she can represent a certifiable class of plaintiffs under Federal Rule of Civil Procedure 23, the Court divided discovery into two phases. *See* [Doc. 15, p. 1]. In the first phase, the parties "may seek

1

and shall produce discoverable information necessary to determine whether the Court should certify the alleged class of plaintiffs[.]" *Id.* A second "merits" phase will follow if Collopy's putative class is certified. *Id.*

In August 2023, Plaintiff's counsel told Wexford the names of 12 potential members of the putative class who had retained Plaintiff's counsel to represent them as well. [Doc. 33-1, p. 2]. According to an attorney for Collopy, the potential class members "have merely retained counsel" and "have not participated whatsoever in the instant action." [Doc. 36-3, p. 3]. Later in August, defense counsel served discovery requests directed at four of the 12 potential class members. *See* [Doc. 33-2, p. 2]. The requests consisted of 25 Requests for Production, 18 Interrogatories, and 24 Requests for Admission per person. *See id.* at 8–11, 17–20, 25–27. Plaintiff's counsel objected on the grounds that the new requests exceeded the number of requests allowed by the Court's First-Phase Scheduling Order, [Doc. 15], and argued that the potential class members are not parties subject to discovery. [Doc. 33-3, p. 2]. Defense counsel later asked when six of the potential class members would be available for depositions. [Doc. 33-6, p. 2]. Plaintiff's counsel responded that the potential class members would not be available until after the original close of discovery in late September, but that counsel was "happy to confer as to potential handling of these non-party witnesses[.]" [Doc. 36-4, p. 2].

The Court held a status conference in early September to try to informally resolve the dispute, which failed. *See* [Doc. 30]. Wexford then filed the Motion and a brief arguing its position in mid-September. *See* [Docs. 32, 33]. Collopy responded in opposition, [Doc. 36], and Wexford replied, completing briefing. [Docs. 39, 40]. The matter is thus ripe for decision.

## II. RELEVANT LAW

Generally, information is discoverable when it is "relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The Rules enumerate different methods for discovery, some of which can be used against anyone and some of which may only be used against parties to the case. For example, subpoenas for oral depositions and the production of documents can generally be sent to anyone so long as the subpoenas comply with Rule 45. *See* Fed. R. Civ. P. 30(a) ("A party may, by oral questions, depose any person . . ."); 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection"). However, the Rules do not contemplate service of interrogatories or requests for admission on nonparties. *See* Fed. R. Civ. P. 33(a) ("Unless otherwise stipulated . . . a party may serve on any other party no more than 25 written interrogatories"); 36(a)(1) ("A party may serve on any other party a written request to admit . . ."). The Rules are silent on how putative class members should be treated, neither expressly permitting nor prohibiting discovery of information held by absentee or unnamed class members. *Schwartz v. Celestial Seasonings, Inc.*, 185 F.R.D. 313, 316 (D. Colo. 1999). That said, district courts have discretion to set boundaries for discovery, as this Court did in the First-Phase Scheduling Order. *See Punt v. Kelly Servs.*, 862 F.3d 1040, 1047 (10th Cir. 2017); [Doc. 15]. This discretion includes the power to compel answers to discovery directed at nonparties and individual class members. *Schwartz*, 185 F.R.D. at 316.

Absent putative class members are not "parties" to class litigation in the typical sense. Whereas a party in a non-class action is expected to be an active participant in the proceedings, usually "an absent class-action plaintiff is not required to do anything. He may sit back and allow the litigation to run its course[.]" *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810

(1985).  This rule-of-thumb for class action plaintiffs makes sense because class actions may only proceed if "the class is so numerous that joinder of all members is impracticable," and serving standard discovery requests on each class member would reintroduce the impracticability of individual joinder.  *See* Fed. R. Civ. P. 23(a)(1).  District courts thus tend to disfavor discovery aimed at absent class members.  *See Hapka v. Carecentrix, Inc.*, case no. 16-cv-02372-CM-KGG, 2017 WL 3386253 at *1 (D. Kan. Aug. 7, 2017); *Roberts v. C.R. England, Inc.*, case no. 2:12-cv-00302, 2017 WL 5312116 at *3 (D. Utah Nov. 13, 2017).

When a party seeks discovery from absent class members, it is the movant's burden to show that the discovery is necessary.  *Schwartz*, 185 F.R.D. at 316.  To determine whether a movant has met its burden, district courts in the Tenth Circuit tend to consider the following factors: (1) whether the information sought is necessary to resolve issues affecting the class as a whole, rather than issues relating to individual claims; (2) whether the information sought is available from other sources; and (3) whether the discovery sought will be unduly burdensome or is sought for an improper purpose (e.g., to harass absent class members or to coax them into opting out of the class).  *In re Qwest Commc'ns Int'l, Inc. Securities Litigation*, 283 F.R.D. 623, 625–26 (D. Colo. 2005); *Sibley v. Sprint Nextel Corp.*, case no. 08-cv-02063-KHV, 2009 WL 3244696 at *2 (D. Kan. Oct. 6, 2009) (considering the first and third factors); *Roberts*, 2017 WL 5312116 at *3.

### III.  **DISCUSSION**

Although they have retained counsel, the represented potential class members will be treated as absent class members because they have not meaningfully participated in the case.  The Court applied the three-factor test to determine whether to compel responses to Wexford's discovery requests.  The Court will not compel responses to the written discovery, but will

compel plaintiff's counsel to obtain and provide the potential class members' deposition availability.

        a. *The Motion is Denied as to All Written Discovery Sought*

Wexford's Motion is denied as to the written discovery requests because Wexford has not met its burden to show the discovery is necessary. First, the information sought should be necessary to resolve issues affecting the entire class. *In re Qwest Commc'ns Int'l, Inc.*, 283 F.R.D. at 625. Wexford asserts it needs responses from the potential class members because they may have information which will support or undercut Collopy's arguments for class certification. [Doc. 33, pp. 6–8]; [Doc. 39, pp. 2–4]. But its assertions are wholly conclusory. Wexford does not explain at all how its 67 separate requests, replicated across four potential class members, would help determine whether the putative class should be certified. Further, the discovery sought must not be unduly burdensome or for an improper purpose. *In re Qwest Commc'ns Int'l, Inc.*, 283 F.R.D. at 626. Even assuming Wexford's intentions are proper, Wexford does not acknowledge the burdens which a complete set of discovery requests would place on each of the potential class members. Requests for Production, Interrogatories, and Requests for Admission typically require the help of counsel to answer and significant time and effort beyond what is expected of a typical absent class member. Wexford thus fails to meet its burden on the first and third factors.

The second factor also cuts against ordering the proposed discovery. The information Wexford seeks should be information it cannot get elsewhere. *Id.* at 625. But much of the discovery sought appears to be documents Wexford probably has. For example, Requests for Production 2–4 are requests for employment policies which were in effect when the potential class members worked for Wexford. [Doc. 33-2, p. 8]. Wexford has the names of the potential

class members, so if it maintains records of when those individuals worked for Wexford and records of its past employment policies, then it can connect those dots on its own. Wexford also asks for "documents . . . provided to You by Wexford during Your Wexford employment" concerning incorrect pay calculations, documents showing "claims or complaints . . . by You to Wexford" concerning the failure to pay wages, and communications "between Wexford and You discussing pay[.]" *Id.* at 8, 10 (Requests for Production 5, 6, 16). All these requests are for documents and communications sent by or to Wexford, and Wexford does not explain if or why it did not keep copies of them. Wexford simply presents no justification for these requests, or any others, beyond its vague assertion that it needs information with which to oppose class certification. *See* [Doc. 33, pp. 6–8]. These assertions do not show necessity for the requested discovery, so answers will not be compelled.

      b. *Plaintiff's Counsel Must Provide Deposition Availability*

Wexford also asks that the Court compel Plaintiff's counsel "to provide deposition availability (days and times) for the six (6) Represented Potential Class Members which Wexford's counsel requested[.]" [Doc. 33, p. 8]. Plaintiff's counsel does not outright object to Wexford deposing the potential class members, merely pointing out that the correct way to seek such depositions is by subpoenaing witnesses in compliance with Rule 45. [Doc. 36, p. 8]. Further, Plaintiff's counsel says that "if discovery is extended in this matter, Collopy's counsel full intends to find mutually agreeable dates for the requested class members and accept service of subpoenas on their behalf." *Id.* at 9.

The Court permitted Collopy to seek additional discovery in its prior discovery order, *see* [Doc. 49], and the parties have made no substantive arguments for or against deposing the potential class members, so the Court will extend discovery to facilitate the depositions.

Plaintiff's counsel shall provide deposition availability for the six potential class members listed in Wexford's September 1, 2023 email, [Doc. 33-6], no later than **April 23, 2024.** Wexford shall have until **June 10, 2024** to depose the represented potential class members. The depositions must comply with the parameters set in the Court's First-Phase Scheduling Order, [Doc. 15]. The present Order shall not be construed to prohibit Collopy, nor the potential class members, from moving to quash Wexford's subpoenas, nor as a ruling on the propriety of deposing the potential class members.

### IV.   CLASS CERTIFICATION MOTION DUE IN 90 DAYS

In November 2023, the Court entered an order resetting the deadline for the parties to move for class certification. *See* [Doc. 45]. Under that order, "the deadline to move for class certification will be ninety (90) days after the Court enters its Order as to the second (last-decided) Motion to Compel." *Id.* The present Order resolves the second of the two motions to compel. Therefore, the deadline for the parties to move for class certification under Federal Rule of Civil Procedure 23 shall be **July 8, 2024.**

### V.   CONCLUSION

Based on the discussion above, the Court **GRANTS** Defendant Wexford Health Sources, Inc.'s Motion to Compel, [Doc. 32], as to the request for "deposition availability for the Represented Potential Class Members . . . identified in Exhibit 6," *see* [Doc. 33, p. 1], and **DENIES** the Motion as to all other relief requested.

   IT IS SO ORDERED.

_____
Hon. Jerry H. Ritter
United States Magistrate Judge